IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LARON MCCLOUD,<br>on behalf of himself and all others<br>similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MCCLINTON ENERGY GROUP, L.L.C. and<br>JAYCAR ENERGY GROUP, L.L.C. d/b/a<br>JAYCAR FRAC PLUGS,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO: 5:14-cv-620 |

## **COMPLAINT**

Plaintiff Laron McCloud, on behalf of himself and all others similarly situated, for his Complaint against McClinton Energy Group, L.L.C. and its subsidiary Jaycar Energy Group, L.L.C. d/b/a Jaycar Frac Plugs states and alleges as follows:

### SUMMARY

1.        McClinton Energy Group, L.L.C. and its subsidiary Jaycar Energy Group, L.L.C. d/b/a Jaycar Frac Plugs (hereinafter "Defendants") required and/or permitted Laron McCloud (hereinafter "Plaintiff") and other similarly situated employees to work in excess of forty hours per week at their facilities but refused to compensate them properly for such hours.

2.        Defendants' conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work.  See, 29 U.S.C. § 207(a).

COMPLAINT                                                                                                                    1

3.     Plaintiff Laron McCloud and other similarly situated employees are FLSA non-exempt workers who have been denied overtime pay required by law, for which they now seek recovery.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.     Venue is proper in the Western District of Texas because Defendants engage in business here.

## THE PARTIES

6.     Plaintiff Laron McCloud is a resident of Brownwood, Texas.  Mr. McCloud's written consent to this action is attached as Exhibit "A."

7.     Opt-in plaintiff Robert Rios is a resident of Midland, Texas.  Mr. Rios' written consent to this action is attached as Exhibit "B."

8.     The Class Members are Defendants' salary paid plug technicians employed at any time during the three year period immediately preceding the filing of this suit.

9.     Defendant McClinton Energy Group, L.L.C. is a limited liability company with its principle place of business in Midland, Texas.   Service of process may be had on Defendant through its registered agent:  Anthony F. Newton at 1000 Main, Suite 2550, Houston, Texas, 77002 or wherever he may be found.

10.     Defendant Jaycar Energy Group, L.L.C d/b/a Jaycar Frac Plugs is a limited liability company with its principle place of business in Midland, Texas.   Service of process may be had on Defendant through its registered agent:  Anthony F. Newton at 1000 Main, Suite 2550, Houston, Texas, 77002 or wherever he may be found.

## COVERAGE

11.     Each Defendant is an enterprise that engages in commerce or in the production of goods for commerce.

12.     Each Defendant acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff and Class Members.

13.     Accordingly, each Defendant is both a covered "enterprise" and an "employer" under the FLSA.

14.     Each Defendant has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

15.     Defendants provide equipment and services to customers in the oil and gas industry.

16.     Plaintiff and the Class Members are or were employed by Defendants as Plug Technicians.

17.     Plaintiff and Class Members did not receive overtime compensation for hours exceeding forty in a workweek.

18.     Defendants pay Plaintiff and Class Members a salary plus a non-discretionary per diem bonus.

19.     Defendants have improperly classified Plaintiff and Class Members as exempt for FLSA purposes.

## CLASS ALLEGATIONS

20.     Plaintiff has actual knowledge that other Class Members have been denied overtime pay for hours worked over forty hours in a workweek.

COMPLAINT                                                                                                   3

21.     Although Defendants have suffered, permitted, and/ or required Plaintiff and Class Members to work in excess of forty hours per week, Defendants have denied them full compensation for their hours worked over forty.

22.     Plaintiff and Class Members perform or have performed the same or similar work.

23.     Class Members are similar to Plaintiff in terms of pay structures and the denial of overtime pay.

24.     Defendants' failure to pay overtime compensation at the rates required by the FLSA results from a single decision, policy or plan and does not depend on the personal circumstances of the Class Members.

25.     Plaintiff's experience is typical of the experiences of the Class Members.

26.     The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

27.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

28.     Although the issue of damages may be individual in character, there remains a common nucleus of liability facts.

29.     The class of similarly situated plaintiffs is properly defined as follows:

**All persons employed by Defendants as Plug Technicians from July 1, 2011 to the present.**

### CAUSES OF ACTION

30.     Plaintiff incorporates all allegations contained in the preceding paragraphs.

31.     At all relevant times Plaintiff and Class Members have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

32.     Defendants' failure to pay overtime compensation to Plaintiff and Class Members violates the FLSA.

33.     Accordingly, Plaintiff and Class Members are entitled to compensation for overtime hours worked.

34.     Additionally, Plaintiff and Class Members are entitled to an amount equal to their unpaid overtime wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

35.     Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and Class Members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to 29 U.S.C. § 216(b).

36.     Alternatively, should the Court find Defendants acted in good faith and that they had reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, Plaintiff and Class Members are entitled to an award of prejudgment interest at the applicable legal rate.

37.     Plaintiff and the Class Members are entitled to have the limitations period extended to three years because Defendants' actions were willful.  29 U.S.C. § 216(b).

## PRAYER

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him and Class Members:

COMPLAINT                                                                                       5

A.    overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times their regular rates, including non-discretionary per diem bonuses;

B.    an equal amount as liquidated damages as allowed under the FLSA;

C.    damages accrued for a three year period;

D.    reasonable attorneys' fees, costs, and expenses of this action as provided by the

E.    pre-judgment and post judgment interest at the highest rates allowed by law; and

F.    such other relief as to which Plaintiff and Class Members may be entitled.


Respectfully Submitted:

THE YOUNG LAW FIRM, P.C.
1001 S. Harrison, Suite 200
Amarillo, Texas 79101
(806) 331.1800
Fax:  (806) 398.9095
jyoung@youngfirm.com

By: /s/ Jeremi K. Young
        Jeremi K. Young

*Attorney for Plaintiff & Class Members*